1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF COLUMBIA

 3    UNITED STATES OF AMERICA,        . Docket No. CR-08-0302 (PLF)
                                       .
 4         Plaintiff,                  .
                                       . Washington, D.C.
 5              v.                     . October 14, 2008
                                       . 10:30 a.m.
 6    SHAWN BERTRAM ARMSTEAD,          .
                                       .
 7         Defendant.                  .
      . . . . . . . . . . . . . . . .  .
 8                          TRANSCRIPT OF PLEA
 9              BEFORE THE HONORABLE PAUL L. FRIEDMAN
                    UNITED STATES DISTRICT JUDGE
10

11    APPEARANCES:

12    For the Plaintiff:        United States Attorney's Office
                                By: Jonathan W. Haray, Esquire
13                              555 4th Street, Northwest
                                Washington, D.C. 20001
14

15    For the Defendant         Federal Public Defender's Office
      Armstead:                 By: Lara G. Quint, Esquire
16                              625 Indiana Avenue, Northwest
                                Washington, D.C. 20004
17

18    For the Defendant         John A. Briley, Jr, Esquire
      Johnson:
19

20

21
      Court Reporter:           Linda L. Russo, RPR
22                              Official Court Reporter
                                Room 6403, U.S. Courthouse
23                              Washington, D.C. 20001
                                202.354.3244
24

25    Proceedings reported by machine shorthand, transcript produced
      by computer-aided transcription
```

1              P R O C E E D I N G S

2              THE CLERK:  Criminal 08-302, United States of America

3    versus Shawn Bertram Armstead.  For the government, Mr. Haray.

4    For the defendant, Ms. Quint.  And criminal 08-305, United

5    States of America versus Shawn Maurice Johnson.  For the

6    government, Mr. Haray.  For the defendant, Mr. Briley.

7              THE COURT:  Good morning.  Since this all grows out

8    of the same incident and since the plea agreement is virtually

9    identical, maybe we can make up a little of the time that you

10   all spent sitting around here this morning by doing the

11   arraignments and the pleas simultaneously, if that's all right

12   with everybody.

13             MR. HARAY:  Yes, sir.

14             MS. QUINT:  That's fine.

15             THE COURT:  So, Ms. Quint, why don't you and your

16   client step up to the microphone together, and Mr. Briley and

17   his client can step up to the microphone together as well.  So

18   standing next to Ms. Quint is Mr. Armstead?

19             DEFENDANT ARMSTEAD:  Yes, sir.

20             THE COURT:  And next to Mr. Briley is Mr. Johnson,

21   right?

22             DEFENDANT JOHNSON:  Yes, sir.

23             THE CLERK:  Mr. Armstead, a one count Information has

24   been filed charging you with receipt of a bribe by a public

25   official.  Do you wish to waive formal reading of the

1  Information?

2        MS. QUINT:  Your Honor, on behalf of Mr. Armstead he

3  waives formal reading of the Information.

4        THE CLERK:  How do you wish to plead.

5        DEFENDANT ARMSTEAD:  Guilty.

6        THE CLERK:  Mr. Johnson, a one count Information has

7  been filed charging you with receipt of a bribe by a public

8  official.  Do you wish to waive formal reading of the

9  Information?

10        MR. BRILEY:  Yes, on behalf of Mr. Johnson, we waive

11  formal reading.

12        THE CLERK:  How do you wish to plead?

13        DEFENDANT JOHNSON:  Guilty.

14        THE COURT:  Gentlemen, if you both stand closer to

15  the microphone, I understand from what you both said that you

16  want to plead guilty to these Informations that have been

17  filed.  And what I need is a Waiver of Indictment form from

18  each of you, and a Waiver of Trial from each of you, and the

19  original of the plea papers, and Statement of Offenses, et

20  cetera.

21        Now I have everything I need, so I'm going to ask you

22  some questions.  And the reason for these questions is to make

23  sure that you each understand your rights, and that you're

24  entering your pleas of guilty knowingly and voluntarily.  So if

25  you don't understand anything that I say or anything that I ask

1   you, please just tell me and I will try to explain myself.  All

2   right?

3            THE DEFENDANTS:  Yes, sir.

4            THE COURT:  You need to speak up so the court

5   reporter can hear you.  If you want to stop these proceedings

6   at any time and talk further privately with your lawyers, tell

7   me that and we can stop and you can go talk with your lawyers,

8   okay?

9            DEFENDANT ARMSTEAD:  Yes, sir.

10            DEFENDANT JOHNSON:  Yes, sir.

11            THE COURT:  I'm going to ask Ms. Moon to swear you

12   both in, so you'll be under oath while I ask you these

13   questions.

14            (The defendants are duly sworn.)

15            THE COURT:  You're now under oath.  You need to

16   answer these questions truthfully.  If for any reason you did

17   not answer them truthfully, you could be prosecuted separately

18   for making a false statement, or for perjury; do you understand

19   that?

20            DEFENDANT ARMSTEAD:  Yes, sir.

21            DEFENDANT JOHNSON:  Yes, sir.

22            THE COURT:  Ms. Quint, Mr. Briley, do either of you

23   have any question as to your client's competence to understand

24   these proceedings and to enter a knowing, voluntary and

25   intelligent plea?

```
 1              MS. QUINT:  No, Your Honor.

 2              MR. BRILEY:  No, Your Honor.

 3              THE COURT:  Do you, Mr. Haray?

 4              MR. HARAY:  No, Your Honor.

 5              THE COURT:  Each of you, I find that you are fully

 6    competent and capable of entering an informed plead.  Each of

 7    you is pleading guilty to a one count Information charging you

 8    with receiving a bribe by a public official.  Have each of you

 9    read the Information in which this charge is set forth?

10              DEFENDANT ARMSTEAD:  Yes.

11              DEFENDANT JOHNSON:  Yes.

12              THE COURT:  Have each of you had adequate time and

13    opportunity to discuss this case and to discuss this plea with

14    your lawyer?

15              DEFENDANT ARMSTEAD:  Yes.

16              DEFENDANT JOHNSON:  Yes.

17              THE COURT:  Are each of you fully satisfied with your

18    lawyer's representation of you?

19              DEFENDANT ARMSTEAD:  Yes.

20              DEFENDANT JOHNSON:  Yes.

21              THE COURT:  Do each of you understand that you have

22    the right under the Constitution and laws of the United States

23    to be charged by way of an indictment returned by a grand jury

24    made up of citizens, rather than by this Information filed by

25    the prosecutor?
```

1          DEFENDANT ARMSTEAD:  Yes.

2          DEFENDANT JOHNSON:  Yes.

3          THE COURT:  And do each of you understand that you

4   have right to a trial by a jury rather than pleading guilty

5   today?

6          DEFENDANT JOHNSON:  Yes.

7          DEFENDANT ARMSTEAD:  Yes, we do.

8          THE COURT:  I'm going to show each of you the forms,

9   a one page Waiver of Indictment form and one page Waiver of

10  Jury trial form.  And when you have them in front of you I will

11  ask you, have each of you read those two forms?

12         DEFENDANT ARMSTEAD:  Yes.

13         DEFENDANT JOHNSON:  Yes, sir.

14         THE COURT:  Have each of you discussed them with your

15  lawyers?

16         DEFENDANT ARMSTEAD:  Yes.

17         DEFENDANT JOHNSON:  Yes.

18         THE COURT:  Is that your signatures at the bottom of

19  each of those forms?

20         DEFENDANT JOHNSON:  Yes.

21         DEFENDANT ARMSTEAD:  Yes, it is.

22         THE COURT:  Thank you.  Do you each understand, if

23  there were a trial you would be presumed to be innocent, and

24  the government would be required to prove you guilty beyond a

25  reasonable doubt in order for you to be found guilty?

1          DEFENDANT ARMSTEAD:  Yes.

2          DEFENDANT JOHNSON:  Yes.

3          THE COURT:  Do you understand if there were a trial

4   the government would have to come to court with witnesses and

5   produce those witnesses here in open court, and they would have

6   to testify in your presence?

7          DEFENDANT ARMSTEAD:  Yes.

8          DEFENDANT JOHNSON:  Yes.

9          THE COURT:  Do you understand that your lawyer could

10  cross-examine those witnesses, could object to evidence offered

11  by the prosecutor, and could offer evidence on your behalf?

12         DEFENDANT ARMSTEAD:  Yes.

13         DEFENDANT JOHNSON:  Yes.

14         THE COURT:  Do you understand that if there were a

15  trial you would have the right to testify, but under the

16  Constitution you would have the absolute right to remain silent

17  and not to testify?

18         DEFENDANT ARMSTEAD:  Yes.

19         DEFENDANT JOHNSON:  Yes.

20         THE COURT:  Do you understand that if you chose to

21  remain silent, the jury would be instructed that they could

22  draw no inference or suggestion of your guilt from the fact

23  that you did not testify?

24         DEFENDANT ARMSTEAD:  Yes.

25         DEFENDANT JOHNSON:  Yes.

1            THE COURT:  Do you understand that if I accept your

2    plea, you will give up these rights, there will be no trial,

3    and I will enter a judgment of guilty?

4            DEFENDANT ARMSTEAD:  Yes.

5            DEFENDANT JOHNSON:  Yes.

6            THE COURT:  Do you understand also that in order for

7    me to accept your plea, you will have to waive your right not

8    to incriminate yourself since you will to have acknowledge your

9    guilt in order for me to accept your plea?

10           DEFENDANT JOHNSON:  Yes.

11           DEFENDANT ARMSTEAD:  Yes.

12           THE COURT:  Do you understand that the offense to

13   which you're pleading is a felony offense, and if I accept your

14   plea you'll be found guilt of that felony?

15           DEFENDANT ARMSTEAD:  Yes.

16           DEFENDANT JOHNSON:  Yes.

17           THE COURT:  Do you understand that because it's a

18   felony you may be deprived of certain valuable civil rights,

19   such as the right to vote, the right to hold public office,

20   certain government jobs, maybe even some jobs in the private

21   sector, the right to serve on a jury, and the right to possess

22   any kind of a firearm; do you understand that?

23           DEFENDANT JOHNSON:  Yes.

24           DEFENDANT ARMSTEAD:  Yes.

25           THE COURT:  Mr. Armstead, where were you born?

1          DEFENDANT ARMSTEAD:  Cheverly, Maryland.

2          THE COURT:  And you, Mr. Johnson?

3          DEFENDANT JOHNSON:  Washington, D.C.

4          THE COURT:  Now that I have discussed your rights

5     with you, do you still each want to plead guilty?

6          DEFENDANT JOHNSON:  Yes.

7          DEFENDANT ARMSTEAD:  Yes.

8          THE COURT:  You said before that you have seen the

9     Information.  Have each of you read the charging document, the

10    Information?

11         DEFENDANT ARMSTEAD:  Yes.

12         DEFENDANT JOHNSON:  Yes.

13         THE COURT:  Do you understand the charges?

14         DEFENDANT JOHNSON:  Yes, sir.

15         DEFENDANT ARMSTEAD:  Yes

16         THE COURT:  Have your lawyers discussed with you the

17    possible sentences you could receive if I accept your plea?

18         DEFENDANT ARMSTEAD:  Yes, sir.

19         DEFENDANT JOHNSON:  Yes.

20         THE COURT:  Have they told you that under the statute

21    you could receive up to 15 years in prison?

22         DEFENDANT ARMSTEAD:  Yes.

23         DEFENDANT JOHNSON:  Yes.

24         THE COURT:  Have they told you that you could receive

25    up to three times the monetary equivalent of the amount of

1    money you received or sought to receive?

2              DEFENDANT ARMSTEAD:  Yes.

3              DEFENDANT JOHNSON:   Yes.

4              THE COURT:  Have they told you there will be a $100

5    special assessment imposed, and an order of restitution?

6              DEFENDANT ARMSTEAD:  Yes.

7              DEFENDANT JOHNSON:  Yes.

8              THE COURT:  Have they told you there could be a

9    period of supervised release after any prison term of up to

10   three years?

11             DEFENDANT ARMSTEAD:  Yes.

12             DEFENDANT JOHNSON:  Yes.

13             THE COURT:  Have they also discussed with you the

14   Federal Sentencing Guidelines?

15             DEFENDANT ARMSTEAD:  Yes.

16             DEFENDANT JOHNSON:  Yes.

17             THE COURT:  How do we want to do this?  Ms. Quint, do

18   you want to explain what you've described to your client about

19   the guidelines, and then I'll ask Mr. Briley if he said the

20   same thing, or if he wants to describe what he said.

21             MS. QUINT:  Sure, Your Honor.  Mr. Armstead and I

22   reviewed, I explained how the guidelines worked in federal

23   court, and how the chart table worked.  And then we reviewed

24   his specific guidelines.  He understands that he's facing 14

25   points as his base offense level, and that there's a two point

1    enhancement for sure based on more than one bribe.

2           And then he understands that the Court, in addition

3    is seeking a four level enhancement, and I have indicated to --

4    I mean the government is seeking a four level enhancement for

5    an officer engaged in a sensitive position, or employed in a

6    sensitive position.  He and the government understand that I

7    will be challenging that particular enhancement.

8           But I have made him aware of the differences in

9    sentencing.  With or without the enhancement, he's facing 24 to

10   30 months if that four point enhancement is found applicable,

11   and 12 to 18 months if it is not found applicable.

12          THE COURT:  So basically assuming there's no prior

13   criminal history he's at a level 17 under the government's

14   theory, and a level 13 under yours.  And under the government's

15   theory it would be a 24 to 30 month guideline range, and under

16   your theory it would be 12 to 18 months.

17          MS. QUINT:  That's correct, Your Honor.  I believe

18   the government's, even if its theory prevails, will be

19   requesting 24 months.

20          THE COURT:  Mr. Briley?

21          MR. BRILEY:  Thank you, Your Honor.  Yes, Mr. Johnson

22   and I have had essentially the same discussion.  The worse case

23   scenario would be that he will be facing a guideline range of

24   24 to 30 months if the government succeeds in persuading the

25   Court that the enhancement is applicable.

1          Other than that, Mr. Johnson will be seeking a

2     sentence at the lower end of the guidelines.

3          THE COURT:  All right.  Mr. Armstead, you have just

4     heard what your lawyer said about what she's told you about how

5     the Federal Sentencing Guidelines are likely to work under the

6     two different scenarios.  Is that your understanding?

7          DEFENDANT ARMSTEAD:  Yes, sir.

8          THE COURT:  Do you have any questions about what she

9     just said?

10         DEFENDANT ARMSTEAD:  No, sir.

11         THE COURT:  How about you, Mr. Johnson, was that your

12    understanding from Mr. Briley?

13         DEFENDANT JOHNSON:  Yes, sir.

14         THE COURT:  Do you have any questions?

15         DEFENDANT JOHNSON:  No, sir.

16         THE COURT:  Mr. Haray, do you have anything you want

17    to add about this?

18         MR. HARAY:  No, Your Honor.  I will add that the

19    calculation that the Court summarized, including the three

20    points for acceptance of responsibility, presumably will apply.

21         THE COURT:  Thank you.  Let me just say a couple of

22    more things about the guidelines to make sure that you

23    understand them.  What's going to happen is that the probation

24    office will meet with each of you, and your lawyer can be with

25    you each time they meet with you and they want to do a factual

1    background and history, and so forth.

2           But the other thing they're going to do is, they're

3    going to do a guideline calculation, and Ms. Quint and Mr.

4    Briley will be able to argue about that guideline calculation.

5    But they're not the final decision-maker.  I'm the final

6    decision-maker.  Do you understand that?

7           DEFENDANT ARMSTEAD:  Yes, sir.

8           DEFENDANT JOHNSON:  Yes, sir.

9           THE COURT:  And presumably if there's a legal

10   argument here that affects this, I will get arguments either in

11   writing or orally, or both, from your lawyers and also from the

12   government.  I'll look at the law, and I'll make the decision

13   about how the guidelines apply in this case.  Do you understand

14   that?

15          DEFENDANT ARMSTEAD:  Yes.

16          DEFENDANT JOHNSON:  Yes.

17          THE COURT:  Do you also understand that the

18   guidelines are advisory.  So in addition to whatever legal

19   arguments your lawyers want to make, they may also have some

20   factual information about your background to try to persuade me

21   to go below the guidelines.

22          And the guidelines are not binding, but they're

23   certainly a guide.  So whether or not they will be able to

24   persuade me, we'll have to see.  But they do have the right

25   because the guidelines are advisory.  Do you understand that?

1            DEFENDANT ARMSTEAD:  Yes.

2            DEFENDANT JOHNSON:  Yes.

3            THE COURT:  Do you also understand that if I do

4    impose a prison sentence, there is no parole in the federal

5    system, so whatever sentence I give you is basically what

6    you're going to get.  Do you understand that?

7            DEFENDANT ARMSTEAD:  Yes.

8            DEFENDANT JOHNSON:  Yes.

9            THE COURT:  And the only caveat to that is that the

10   Bureau of Prisons, not I but the Bureau of Prisons, has the

11   authority to grant up to 54 days a year for good behavior.  Do

12   you understand that?

13           DEFENDANT ARMSTEAD:  Yes.

14           DEFENDANT JOHNSON:  Yes.

15           THE COURT:  And, finally, if I impose a sentence that

16   your lawyers think is unconstitutional or illegal, for example

17   if I disagree with them on this four point question and they

18   have a good legal argument, they can take that to the Court of

19   Appeals.  So if they think I impose a sentence that is

20   unconstitutional, illegal or unreasonable, they can go to a

21   higher court.  Do you understand that?

22           DEFENDANT ARMSTEAD:  Yes.

23           DEFENDANT JOHNSON:  Yes.

24           THE COURT:  All right.  Do you have any questions

25   about sentencing or about the guidelines?

1          DEFENDANT JOHNSON:  No, sir.

2          DEFENDANT ARMSTEAD:  No, sir.

3          THE COURT:  Let me show you the plea agreement

4    letters, one written to Ms. Quint on behalf of Mr. Armstead,

5    and one written to Mr. Briley on behalf of Mr. Johnson.  I will

6    ask each of you, have you read that document and discussed it

7    with your lawyer?

8          DEFENDANT JOHNSON:  Yes.

9          DEFENDANT ARMSTEAD:  Yes, sir.

10          THE COURT:  Is that your signature on the last page?

11          DEFENDANT JOHNSON:  Yes.

12          DEFENDANT ARMSTEAD:  Yes.

13          THE COURT:  Ms. Quint, could you briefly describe the

14    essential elements of this agreement, at least the ones that we

15    haven't already talked about.

16          MS. QUINT:  The Court has covered most of them,

17    including the statutory maximum sentence, as well as the

18    guideline sentence.  Mr. Armstead understands that as long as

19    he does not obstruct justice, and as long as he cooperates

20    fully with the probation office and the Court and the

21    government, he should receive the three point reduction in the

22    guidelines for acceptance of responsibility.

23          He understands that the guidelines are reasonable,

24    but that he has a right to appeal, as the Court noted, should

25    his sentence, should he deem it illegal.

1          He understands that this agreement is basically
2     everything that exists between him and the government, and that
3     there are no other promises that have been made.
4          Apart from that, I believe Your Honor covered
5     everything in the plea agreement.
6               THE COURT:  Mr. Briley.
7               MR. BRILEY:  That essentially describes, fully
8     describes what I have advised Mr. Johnson and what he
9     understands.
10              THE COURT:   Thank you.  Mr. Haray, anything you want
11    to add?
12              MR. HARAY:  The agreement spells out what will be a
13    breach of the agreement, and then includes a waiver of the
14    statute of limitations if the agreement was vacated for some
15    reason.
16              THE COURT:  And it does include reference to
17    restitution?
18              MR. HARAY:  It does not.
19              THE COURT:  It does not?
20              MS. QUINT:  No, Your Honor.
21              THE COURT:  I'm sorry.  Okay.  Gentlemen, you've
22    heard what your lawyers have said about the terms of the plea
23    agreement.  Do you have any questions about the agreement?
24              DEFENDANT JOHNSON:  No, sir.
25              DEFENDANT ARMSTEAD:  No.

1          THE COURT:  So that's what you have agreed to and

2    what you understand the government's agreed to?

3          DEFENDANT ARMSTEAD:  Yes.

4          DEFENDANT JOHNSON:  Yes.

5          THE COURT:  I need to ask you, has anybody threatened

6    you or anyone close to you, or forced you in any way to accept

7    this plea of guilty?

8          DEFENDANT ARMSTEAD:  No.

9          DEFENDANT JOHNSON:  No, sir.

10          THE COURT:  Has anyone made a promise to you as to

11    what your sentence will be?

12          DEFENDANT ARMSTEAD:  No, sir.

13          DEFENDANT JOHNSON:  No.

14          THE COURT:  And you understand that will be up to me?

15          DEFENDANT JOHNSON:  Yes.

16          DEFENDANT ARMSTEAD:  Yes.

17          THE COURT:  Let me show you another document, which

18    is a four page statement of the offense.  I'll ask each of you

19    to look at that document, one with Mr. Armstead's name on it,

20    and one with Mr. Johnson's name on it.  Have each of you read

21    that document and discussed it with your lawyer?

22          DEFENDANT JOHNSON:  Yes.

23          DEFENDANT ARMSTEAD:  Yes, sir.

24          THE COURT:  Is that your signature on the last page?

25          DEFENDANT JOHNSON:  Yes.

```
 1              DEFENDANT ARMSTEAD:  Yes.

 2              THE COURT:  Is everything in that document true and

 3      accurate?

 4              DEFENDANT ARMSTEAD:  Yes.

 5              DEFENDANT JOHNSON:  Yes.

 6              THE COURT:  Is there anything you disagree with?

 7              DEFENDANT ARMSTEAD:  No.

 8              DEFENDANT JOHNSON:  No, sir.

 9              THE COURT:  Anything you want to add or subtract?

10              DEFENDANT JOHNSON:  No, sir.

11              DEFENDANT ARMSTEAD:  No.

12              THE COURT:  Thank you.  Mr. Haray, you're free to

13      explain what the government's evidence would be if this case

14      had gone to trial, or incorporate these statements of offense

15      by reference.  However you want to do it.

16              MR. HARAY:  Your Honor, I'm not sure if the Court

17      wants me to lay a reason --

18              THE COURT:  No, if you're satisfied that both Mr.

19      Armstead and Mr. Johnson, by having signed this document and

20      having told me this morning under oath that everything in it is

21      true and accurate, you don't have to do anything more unless

22      you want to.

23              MR. HARAY:  No, I'm satisfied.  I think the

24      statements of offense lay out the relevant facts of the

25      offense, and I accept the sworn statements that they are
```

1    truthful and accurate.

2              THE COURT:  Thank you.  So are each of you, in fact,

3    guilty, and are you pleading guilty voluntarily and because you

4    are guilty?

5              DEFENDANT JOHNSON:  Yes.

6              DEFENDANT ARMSTEAD:  Yes.

7              THE COURT:  Do you have any questions you want to ask

8    me, or any questions you want to ask your lawyer before I

9    accept your plea?

10             DEFENDANT JOHNSON:  No, sir.

11             DEFENDANT ARMSTEAD:  No.

12             THE COURT:  If you do have any concerns or any

13   questions, today is the day to clear it up.  Because after

14   today, it's very unlikely that I would let you change your mind

15   and withdraw your pleas.  So any questions at all?

16             DEFENDANT JOHNSON:  No, sir.

17             DEFENDANT ARMSTEAD:  No, sir

18             THE COURT:  Okay.  In that case, I find that you know

19   of your right to an indictment by a grand jury and have chosen

20   to waive that right.  I find that you know of your right to a

21   trial by a jury and have chosen to waive that right.  Since we

22   discussed with you, and your lawyers discussed with you the

23   Sentencing Guidelines, and you know what the maximum possible

24   punishment is for the offense to which you're pleading guilty,

25   and since you have agreed both in writing in these written

1    statement of offense forms and this morning under oath as to

2    what happened and what you did, I find that your plea of guilty

3    is a knowingly, and voluntarily plea, supported by an

4    independent basis in fact containing each of the essential

5    elements of the offense, and I therefore accept your plea for

6    each of you to the Information filed against each of you on the

7    charge of receipt of a bribe by a public official, under 18

8    United States Code, Section 201(b)(2)(A) and (C).

9             As I said before, the next step will be a written

10   presentence report.  Cooperate with probation and talk with

11   them, and your lawyers can be there with you when you do so.

12            So why don't you have a seat and we'll see if we can

13   agree on a date for sentencing.

14            The bond was previously set by the magistrate or by

15   me?

16            MS. QUINT:  By the magistrate.

17            THE COURT:  And there's no need to change any of

18   that.

19            MR. HARAY:  No, Your Honor.

20            THE COURT:  So then we need a sentencing date or

21   dates.  Given the amount of time it takes probation to do this,

22   to prepare the reports, the earliest available date is December

23   23rd.  But my guess is that you'd prefer to wait until after

24   the New Year.

25            MS. QUINT:  Yes, Your Honor.

1          MR. BRILEY:  Yes, Your Honor.

2          THE COURT:  Is there a reason to do these on the same

3   date or different dates, or doesn't it matter?

4          MR. HARAY:  I think at the Court's convenience.

5          THE COURT:   You don't care?

6          MR. HARAY:  No, Your Honor.

7          MR. BRILEY:  The same day, Your Honor.

8          THE COURT:  I'm supposed to begin a trial on the 6th.

9   How would you like to do it sometime the week of January 12th?

10          MR. BRILEY:  If I may, Your Honor, I currently have a

11   trial scheduled with multiple defendants to begin on the 6th

12   with Judge Robertson that's going to last, if it goes, probably

13   the whole month.

14          THE COURT:  Well, then, we ought to do it before

15   then.

16          MR. BRILEY:  I don't know whether he sits on Fridays

17   or not.

18          THE COURT:  Do you want to do it, I'm supposed to

19   have this oral argument on the 5th that's going to last most of

20   the day.  Maybe if we did this at 9:00 a.m. on January 5th.

21          MR. BRILEY:  That would be fine with me.

22          MS. QUINT:  That's fine.

23          THE COURT:  Okay 9:00 a.m. January 5.  That's

24   perfect.

25          MR. HARAY:  Yes, sir.

1          THE COURT:  All right, gentlemen, you have to be here

2    on January 5th at 9:00 a.m.  If for any reason you weren't

3    here, I'd have to issue a warrant for your arrest.  Do you

4    understand that?

5          DEFENDANT ARMSTEAD:  Yes, sir.

6          DEFENDANT JOHNSON:  Yes, sir.

7          THE COURT:  Thank you.  See you then.

8       (Proceedings concluded.)

9

10                    CERTIFICATE

11          I, LINDA L. RUSSO, Official Court Reporter, certify

12    that the foregoing pages are a correct transcript from the

13    record of proceedings in the above-entitled matter.

14

15

16                              _____

                                 Linda L. Russo, RPR
17                               Virginia CCR No: 0313102

18

19

20

21

22

23

24

25